UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ALEJANDRA VEGA MONTANEZ,
Petitioner,
v.
WARDEN OF ADELANTO DETENTION CENTER, et al.,
Respondents.

No. 5:26-cv-04641-JDE

ORDER REGARDING PETITION

## I.
## INTRODUCTION

On August 14, 2026, Alejandra Vega Montanez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, challenging her detention by immigration authorities. Dkt. 1 ("Petition"). Petitioner seeks her immediate release; a declaration that her detention is unlawful; an order enjoining Respondents from transferring her outside this District or removing her while the Petition is pending; and an award of attorney's fees and costs. Id. at 13-14.

Respondents filed an Answer on August 21, 2026, arguing that the Petition is moot because Petitioner was provided a bond hearing on August 20, 2026, the Immigration Judge granted bond, and Petitioner was released. Dkt. 9 ("Ans."). The U.S. Immigration and Customs Enforcement Online Detainee

Locator System confirms that Petitioner is no longer in custody. See https://locator.ice.gov/odls/#/search. Although provided an opportunity to do so (Dkt. 5 at 2 ¶ 4), Petitioner did not file an optional Reply.

For the reasons set forth below, the Petition is denied without prejudice.

## II.

## DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'" United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) (citation omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citation omitted). This may occur when interim relief deprives the Court of the ability to redress the party's injuries. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

"For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "Collateral consequences 'create concrete legal disadvantages.'" Alam v. Carter, 843 F. App'x 953, 954 (9th Cir. 2021) (citation omitted). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Abdala, 488 F.3d at 1064.

The crux of the Petition was that Petitioner was detained without constitutionally adequate procedural safeguards or an individualized custody determination, and the primary substantive relief Petitioner sought was her release from custody. Such relief was granted. Petitioner does not contend

otherwise. Nor has she alleged any collateral consequences that would be redressed by any other relief sought in the Petition. Although Petitioner seeks declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., Cal., 333 U.S. 426, 431 (1948). Like other judgments, a declaratory judgment settles a dispute "which affects the behavior of the defendant towards the plaintiff." See Rhodes v. Stewart, 488 U.S. 1, 4 (1988) (per curiam) (emphasis omitted) (citation omitted). Thus, "a declaratory relief claim is moot if the relief would not affect the behavior of the defendant toward the plaintiff." Robert v. Austin, 72 F.4th 1160, 1164 (10th Cir. 2023) (citation omitted). Here, a declaration that Petitioner's prior detention is unlawful would not affect Respondents' behavior toward Petitioner now as she has already been released and the undersigned finds the exceptions to mootness are not applicable here. See Castellano v. U.S. Dep't of Homeland Sec., 2026 WL 472732, at *4 (D. Colo. Feb. 19, 2026); A.N.M.L. v. Garland, 2021 WL 1853577, at *2 (S.D. Cal. May 10, 2021) (finding request for declaratory relief moot where the petitioner was released from custody); Urdaneta v. Keeton, 2020 WL 2319980, at *8 (D. Ariz. May 11, 2020) (concluding claims for declaratory relief were moot where the petitioners were released from custody).

Accordingly, the Petition is denied without prejudice.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition without prejudice.

Dated: **AUGUST 25, 2026**

JOHN D. EARLY
United States Magistrate Judge